IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMAL HERRIN,<br><br>               Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | HON. JOSEPH H. RODRIGUEZ<br><br>Civil Action<br>No. 15-8388 (JHR)<br><br>**OPINION** |

APPEARANCES:

JAMAL HERRIN
#64544-050
Federal Correctional Institution
P.O. Box 1000
Cumberland, Maryland 21501
    *Pro Se* Petitioner

ALYSON M. OSWALD, Esq.
MATTHEW T. SMITH, Esq.
United States Attorney's Office
401 Market Street, 4th Floor
Camden, New Jersey 08101
    Attorney for Respondent United States of America

**RODRIGUEZ, Senior District Judge:**

**I.    INTRODUCTION**

Presently before the Court is Petitioner Jamal Herrin's ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion"). (ECF No. 1.) For the reasons stated herein, the Court will

deny Petitioner's § 2255 Motion and will deny Petitioner a certificate of appealability.

## II. BACKGROUND

On January 9, 2013, Petitioner pleaded guilty to the charge of conspiracy to possess with intent to distribute more than five kilograms of cocaine, contrary to 21 U.S.C. §§ 84l(a)(1), (b)(1)(C), and in violation of 21 U.S.C. § 846. (*See*, *e.g.*, May 21, 2013 Crim. J. in *United States v. Herrin*, Crim. Action No. 1:13-cr-17-1 (JHR) (the "Criminal Docket") at ECF No. 19.)

As set forth in the June 6, 2012 criminal complaint detailing the basis for that charge, from approximately April 25, 2012 through June 6, 2012, Petitioner undertook significant efforts to purchase thirteen kilograms of cocaine from persons whom he believed to be drug dealers, but who in fact were undercover police officers and individuals cooperating with law enforcement. (*See* June 6, 2012 Crim. Compl., available at ECF No. 13-3.) During that time, Petitioner, among other things, told the undercover officers and cooperators that he was part of a collective of individuals purchasing the cocaine.

On June 6, 2012, the day that Petitioner believed he was going to pay for, and take delivery of, thirteen kilograms of cocaine, a female identified only as "L.L." accompanied Petitioner to an agreed-upon location in Cherry Hill with a duffel bag containing $325,000.00 in cash. Petitioner and L.L. were arrested after

that money was presented to the undercover officers as payment for the cocaine. Petitioner does not claim – nor is there anything in the record that suggests – that L.L. was a law enforcement officer or a government cooperator.

At his January 9, 2013 plea hearing, Petitioner answered a series of questions in which he affirmed the truth of the allegations in the criminal complaint. (*See* Jan. 9, 2013 Hr'g Tr. 17-25, ECF No. 13-2.) Petitioner, among other things, confirmed that he "agree[d] with L.L., the individuals from [whom he] collected money to pay for the 13 kilograms of [cocaine], and others, to distribute and possess with intent to distribute over five kilograms of cocaine." (*See id.* at 23.) At Petitioner's May 14, 2013 sentencing hearing, the Court sentenced Petitioner to 120-months' imprisonment. (*See* May 14, 2013 Hr'g Tr. 3-4, ECF No. 13-4.)

Petitioner did not file a direct appeal. Instead, on November 24, 2015,[1] Petitioner filed the current § 2255 Motion. Petitioner's § 2255 Motion represents his first effort to challenge the propriety of the above-referenced conviction and

---

[1] November 24, 2015 is the date on which Petitioner executed his § 2255 Motion. (*See* ECF No. 1 at PageID: 14.) Under the federal prisoner mailbox rule, "a document is deemed filed on the date it is given to prison officials for mailing." *Pabon v. Mahanoy*, 654 F.3d 385, 391 n. 8 (3d Cir. 2011). The Court, affording Petitioner all favorable inferences, finds that November 24, 2015 represents the operative filing date of Petitioner's § 2255 Motion, notwithstanding that Petitioner's unsigned cover letter to the Court enclosing that motion is dated November 30, 2015. (ECF No. 1-1.) In any event, this six-day discrepancy has in no way affected the Court's analysis and resolution of Petitioner's motion.

3

sentence. Petitioner attributes his failure to file a direct appeal or prior § 2255 motion to the "deficient performance of [his] counsel[.]" (*See* § 2255 Mot. at PageID: 10.) Petitioner's § 2255 Motion advances the following arguments:

> Ground One: Actual Innocence – Petitioner had only "conspired" with a confidential informant who was working for law enforcement throughout the entire offense.
>
> Ground Two: Actual Innocence . . . [as] no actual cocaine was "involved" in the case.

(*Id.* at PageID: 4-5.)

The Government filed its answer opposing Petitioner's § 2255 Motion on September 29, 2016. (ECF No. 13.) By way of that submission, the Government argues that Petitioner's § 2255 Motion should be denied because: (1) it is untimely; and (2) the substantive arguments advanced by Petitioner therein are without merit. (*Id.* at PageID: 6-12.)

### III. STANDARD OF REVIEW

Section 2255 provides in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

A district court must hold an evidentiary hearing on a § 2255 motion unless the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b); *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005). Here, the record conclusively demonstrates that Petitioner is not entitled to relief.

## IV. ANALYSIS

### i. Petitioner's § 2255 Motion is Untimely

A one-year period of limitation applies to Section 2255 motions. 28 U.S.C. § 2255(f) provides that the limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(f)(1)-(4).

Final judgment in Petitioner's criminal case was entered by the Clerk of the Court on May 21, 2013. (*See* Criminal Docket at ECF No. 19.) No direct appeal of that judgment was ever filed. Thus, Petitioner's judgment of conviction become final fourteen days after entry of the above-referenced criminal judgment. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her ["judgment of conviction becomes final" within the meaning of § 2255], and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed")

Petitioner filed his § 2255 Motion on November 24, 2015. As such, that motion would appear to be untimely under 2255(f)(1). Petitioner appears to implicitly acknowledge as much. (*See* § 2255 Mot. at PageID: 12.) Petitioner likewise fails to argue – and the Court has no other basis to conclude – that his § 2255 Motion should be deemed timely under any of the other one-year filing deadlines set forth in 28 U.S.C. § 2255(f)(2)-(4).

Petitioner instead claims that the doctrine of equitable tolling provides a basis for the Court find that his § 2255 Motion has been timely-filed. (*See* § 2255 Mot. at PageID: 12.) In that regard, the Court recognizes that the statute of

limitations applicable to § 2255 motions is subject to equitable tolling, and that reliance on that remedy "should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). In order to receive equitable tolling, a petitioner must "show (1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Mere excusable neglect is insufficient. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

Petitioner first argues that the Court should deem his § 2255 Motion timely-filed because Grounds One and Two are based on his claim of actual innocence. (*See* § 2255 Mot. at PageID: 12.) The Court cannot agree. As recently explained by the Third Circuit:

> an untimely [habeas] petition is not barred when a petitioner makes a "credible showing of actual innocence," which provides a gateway to federal review of the petitioner's otherwise procedurally barred claim of a constitutional violation. [*McQuiggin v. Perkins*, 569 U.S. 383, 386, 392 (2013)]. This "exception[ ] is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons . . . . *Id.* at [392-93]. In this context, actual innocence refers to factual innocence, not legal insufficiency. *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (citation omitted).

> To satisfy this standard, first, "a petitioner must present new, reliable evidence" and second, "show by a preponderance of the evidence 'that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence,'" *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010) (citing and quoting [*Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995)], or stated differently, that it is "more likely than not any reasonable juror would have reasonable doubt," *House v. Bell*, [547 U.S. 518, 538 (2006)].

*Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018), *as amended* (July 25, 2018).

In this case, Petitioner has not "present[ed] new, reliable evidence . . . that may show actual innocence[,]" and he is therefore not entitled to have this Court equitably toll his otherwise time-barred § 2255 Motion based on his bald assertion that he is actually innocent. *See id.* at 157.

Petitioner further claims that Ground Two is additionally subject to equitable tolling because Sentencing Guideline Amendment 782 – which Petitioner claims provides a basis for a two-level reduction in the offense level relied on by the Court during sentencing – became effective as of November 1, 2015. (*See* § 2255 Mot. at PageID: 12.) Petitioner avers that "prior to that date, [Petitioner's] sentence fell within [the recommended range set forth in the United States Guidelines (the 'USSG')]" and that as a result of Amendment 782, he is now subject to a USSG sentencing range that falls below the 120-month sentence he received. (*Id.*)

These arguments fail as a matter of law. As noted above, the primary argument which Petitioner advances in Ground Two is that "no actual cocaine was 'involved' in [his] case." (*Id.* at PageID: 5.) That claim appears entirely unrelated to Petitioner's peripheral Ground Two assertion that he is entitled to a sentencing reduction in light of Amendment 782. To the extent Petitioner is additionally seeking relief pursuant to that Amendment, such a claim would typically be made by filing a separate motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Inasmuch as this claim could nonetheless be properly advanced by way of a § 2255 motion, it is ultimately without legal merit and therefore fails to provide a basis to grant habeas relief to Petitioner. That is because retroactive sentence reductions under § 3582(c)(2) do not apply to sentences imposed pursuant to a statutory mandatory minimum. *See United States v. Ortiz-Vega*, 744 F.3d 869, 873 (3d Cir. 2014) ("[I]f a defendant is subjected to a mandatory minimum, he or she would not be given a sentence 'based on a sentencing range that has subsequently been lowered.'"). Here, the 120-month sentence Petitioner received represents the mandatory minimum sentence that the Court could impose in light of Petitioner's plea of guilty to the charge of conspiracy to possess with intent to distribute more than five kilograms of cocaine. *See* 21 U.S.C. § 846 ("[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission

of which was the object of the attempt or conspiracy."); 21 U.S.C. § 841(b)(1)(A)(ii)(II) ("In the case of a violation of . . . involving – 5 kilograms or more of . . . cocaine . . . such person shall be sentenced to a term of imprisonment which may not be less than 10 years."). Because Petitioner was sentenced to – and received – the statutorily-mandated minimum of 120-months' imprisonment, Amendment 782 does not provide a basis to reduce his sentence.

In sum, Petitioner's § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1)-(4) and Petitioner has failed to provide a basis for this Court to apply the doctrine of equitable tolling to either of the substantive grounds advanced therein. The Court will therefore deny Petitioner's § 2255 Motion as time-barred. Moreover, for the reasons detailed *infra*, Petitioner's motion also fails on the merits, and would be denied even were it timely brought.

### ii. Petitioner's Substantive Habeas Arguments

#### a. Ground One

In Ground One, Petitioner claims that he is actually innocent of the charge of conspiracy because he only "'conspired' with a confidential informant[, Michael Howard,] who was working for law enforcement throughout the entire offense." (§ 2255 Mot. at PageID: 4.) Petitioner notes that "a conspiracy requires an agreement to violate the law" and "neither the [confidential informants] nor the [law enforcement] agent[s] can be considered 'conspirators' within the meaning of [18

U.S.C. § 846]." (*Id.*) Petitioner avers that because there is "no other person 'in agreement' with [Petitioner to] violate the law, there can be no conspiracy." (*Id.*)

Initially, the Court agrees with Petitioner that as a matter of law "one cannot be convicted of conspiring only with a government agent or informant." *United States v. Woodley*, No. CRIM. 13-113, 2013 WL 6858301, at *6 (W.D. Pa. Dec. 30, 2013); *see also Sears v. United States*, 343 F.2d 139, 142 (5th Cir. 1965) ("as it takes two to conspire, there can be no indictable conspiracy with a government informer who secretly intends to frustrate the conspiracy."); *United States v. Corson*, 579 F.3d 804, 811 (7th Cir. 2009) ("A defendant is not liable for conspiring solely with an undercover government agent or a government informant.").

In this case, the factual premise underlying Petitioner's Ground One claim, *i.e.*, that Michael Howard is the only individual with whom he conspired to purchase and distribute thirteen kilograms of cocaine, is contradicted by the undisputed facts of record. Indeed, on the date Petitioner attempted to purchase thirteen kilograms of cocaine from law enforcement, *i.e.*, June 6, 2012, Petitioner was arrested with another individual whom Petitioner himself hired to help facilitate that transaction, L.L. (*See* Jan. 9, 2013 Hr'g Tr. at 22.) The Court has been provided with no reason to believe – nor does Petitioner claim – that L.L. is a police officer or that she was working on behalf of law enforcement at the time of

her arrest. It is therefore undisputed that Petitioner enlisted the help of at least one other person in no way affiliated with law enforcement to purchase thirteen kilograms of cocaine on June 6, 2012.

Furthermore, Petitioner admitted in open court that the $325,000.00 in cash found in L.L.'s car on the date of their arrest was collected from multiple unidentified individuals to purchase thirteen kilograms of cocaine. (*Id.* at 22-23.) Petitioner likewise confirmed to the Court that he "agree[d] with L.L., the individuals [from whom he] he collected money to pay for the [thirteen] kilograms of [cocaine], and others to distribute and possess with intent to distribute over five kilograms of cocaine." (*Id.* at 23.) These "[s]olemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

These undisputed facts amply demonstrate that Petitioner "did knowingly and intentionally conspire and agree with others, known and unknown to distribute and to possess with intent to distribute five kilograms or more of cocaine . . . contrary to [21 U.S.C. §§] 841(a)(1) and (b)(1)(A)[,] in violation of [21 U.S.C. §] 846." (*See* June 6, 2012 Crim. Compl., ECF No. 13-3 at PageID: 94.) As such, Ground One of Petitioner's § 2255 Motion – which is based on the factually incorrect assertion that Petitioner "only 'conspired' with . . . confidential informant [Michael Howard]" – fails to provide a basis to award him habeas relief. *See*

*United States v. Anin*, 544 F. App'x 59, 62 (3d Cir. 2013) ("[W]hile there is no conspiracy 'when an individual conspires to violate a law with only one other person, and that person is acting as a government informant,'" if the evidence demonstrates the defendants were part of a larger conspiracy, the evidence is sufficient to support a conspiracy conviction.); *accord United States v. Huggins*, 392 F. App'x 50, 60 (3d Cir. 2010) ("the evidence was clearly sufficient to support the jury's finding that [appellant] and [one of his co-conspirators] agreed to possess cocaine with the intent to distribute and that their agreement involved more than five kilograms of cocaine.")

      b.    **Ground Two**

In Ground Two, Petitioner argues that he is entitled to habeas relief because "no actual cocaine was 'involved' in the case." (§ 2255 Mot., ECF No. 1 at PageID: 5.) Petitioner's assertion ignores the fact that Petitioner pleaded guilty to the charge of *conspiracy* to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846.[2] (*See, e.g.*, May 21, 2013

---

[2] 21 U.S.C. § 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 84l(a)(1) criminalizes the knowing or intentional distribution of cocaine. 21 U.S.C. § 841(b)(1)(A) details the manner in which an individual who violates § 84l(a) shall be sentenced. It is against this statutory backdrop that the Court rejects Petitioner's Ground Two assertion that he was improperly sentenced to the ten-year minimum term of imprisonment mandated by § 841(b)(1)(A)(ii)(II) as legally meritless. To be clear,

Crim. J.) "To prove a conspiracy to possess and distribute cocaine, the government must prove that two or more people agreed to commit the unlawful act and that the particular defendant knowingly and intentionally joined in the agreement." *United States v. Dumes*, 313 F.3d 372, 382 (7th Cir. 2002); *accord United States v. Brown*, 539 F. App'x 57, 59 (3d Cir. 2013) ("[t]he essential elements of a drug conspiracy are: (1) a unity of purpose between the alleged conspirators; (2) an intent to achieve a common goal; and (3) an agreement to work together toward that goal.") (citing *United States v. Iglesias*, 535 F.3d 150, 156 (3d Cir. 2008); *see also United States v. Perez*, 280 F.3d 318, 343 (3d Cir. 2002) (the government must proffer sufficient evidence that the drug transactions were a "step in achieving the conspiracy's common goal of distributing [drugs] for profit.").

As the foregoing authority demonstrates, there is no requirement that the government prove the existence of actual cocaine to obtain a conviction under 21 U.S.C. § 846; instead, it is the existence of "an agreement between the defendant and some other person [that] is the essence of the offense." *Brown*, 539 F. App'x at 59-60 (citing *United States v. Pressler*, 256 F.3d 144, 147 (3d Cir. 2001)); *accord Huggins*, 392 F. App'x at 60 (3d Cir. 2010) ("the government was not

---

Petitioner pled guilty to the charge of conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846. In so doing, he became "subject to the same penalties as those prescribed for the offense[,]" including those that are expressly detailed in § 841(b)(1)(A).

required to produce direct evidence that [appellant] possessed cocaine during the conspiracy" in order for the jury to determine "that [appellant] was involved in a conspiracy to distribute cocaine").

Here, the record more than adequately demonstrates that Petitioner conspired with other individuals – including several people who were in no way affiliated with law enforcement – to purchase thirteen kilograms of cocaine which he then planned to distribute and resell to third-parties. Petitioner is therefore not entitled to habeas relief based on his Ground Two assertion that "no actual cocaine was 'involved' in the case." In conclusion, for the reasons detailed above, Petitioner's § 2255 Motion will be denied.

### iii. Certificate of Appealability

A petitioner may not appeal "the final order in a proceeding under Section 2255" unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B), (2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). For the reasons expressed above, Petitioner has failed to make a substantial showing that he was denied a constitutional right. As jurists of reason could not disagree with this Court's

resolution of Petitioner's § 2255 Motion, the Court will deny Petitioner a certificate of appealability.

## V. CONCLUSION

Petitioner's Motion to Vacate, Correct, or Set Aside his sentence is denied. Petitioner is denied a certificate of appealability. An accompanying Order will be entered.

<u>October 11, 2018</u>                                    <u>/s/ Joseph H. Rodriguez</u>
Date                                                              JOSEPH H. RODRIGUEZ
                                                                              U.S. District Judge